IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.SO ITALIA S.P.A. AND I.SO ITALIA U.S.A., INC.,<br>    Plaintiffs,<br><br>    v.<br><br>INDOOR SUN SYSTEMS, INC. AND DOES 1 through 100, inclusive,<br>    Defendants. | CIV-S-06-887 DFL/DAD<br><br><br>ORDER |
| INDOOR SUN SYSTEMS, INC.,<br>    Counter-Claimant,<br><br>    v.<br><br>I.SO ITALIA S.P.A. AND I.SO ITALIA U.S.A., INC., and DOES 1 through 100,<br>    Counter-Defendants. | |

   The court previously heard arguments on cross motions for preliminary injunctions.  The motions were brought on shortened time because of the impending trade show that will be held this weekend.  At the time those motions were heard, both Iso Italia ("Iso") and TanAmerica agreed that they would not be marketing a product using the Matrix trademark.  In addition, counsel for Iso

1

made the following representation at oral argument:

> The Court: What I would really like, if you can agree, if your client is going to undertake a change in policy, where this trademark is going to become part of an advertising campaign or it's going to be placed on a product, that you will notify the court and opposing counsel so that we cannot have a fire drill, that we can, at least with a few days notice, have a hearing, whether it's by telephone or not.  Can we all agree to that?
> Ms. Arlana Cohen: Yeah.

Although later in the hearing, counsel for Iso stated that Iso might wish to do some marketing with the Matrix name, in the context of the hearing, the posture of the case, and the overall representations of the parties, it was incumbent upon Iso to notify the court and TanAmerica that it intended to concentrate its marketing at the World Tanning Expo trade show on the term, "Matrix."  It was unreasonable to do otherwise, and it was misleading to the court to withhold this information at the earlier hearing.  All parties understood that the court was attempting to avoid the precise situation that has now unfolded: a last minute motion that would severely inconvenience the court, counsel, and the parties.  Because Iso has violated at least the spirit, if not the letter, of its representations to the court, the temporary restraining order will be issued.  The temporary restraining order is entered on two grounds.  First, the court finds that TanAmerica may suffer irreparable injury and that it is unnecessary for Iso to feature the Matrix mark in its display at the trade show, in such a way that the display could suggest that Iso is marketing a Matrix product.  Second, the court finds

1  that a temporary restraining order is a proper sanction in
2  response to a lack of candor by Iso.
3      Accordingly:
4      IT IS HEREBY ORDERED that TanAmerica's Motion for a
5  temporary restraining order IS GRANTED as follows:
6      1.   Iso, its officers, directors, principals, agents,
7  servants, employees, successors and assigns, and all those acting
8  in concert or participation with them are restrained from:
9           (a)   from using the Matrix mark in Iso's trade show
10 exhibit at the World Tanning Expo in Nashville, Tennessee October
11 27-29, 2006, and;
12          (b)   and are directed to immediately remove the words
13 **we are [matrix]**" from its booth, brochure display racks, and
14 shirts from Iso's trade show exhibit at the World Tanning Expo in
15 Nashville, Tennessee October 27-29, 2006.
16          (c)   assisting, aiding, or abetting any other person or
17 business entity in engaging in or performing any of the
18 activities referred to in subparagraphs (a) and (b) above.
19     2.   TanAmerica shall serve this Order on Iso by hand-
20 delivery to Iso's counsel of record herein. However, this order
21 is  effective immediately upon filing and electronic service by
22 the court.
23     3.   Iso shall notify all of its employees and agents of
24 this Order and that they are restrained in accordance with the
25 terms of this Order.
26     4.   In order to maintain this temporary restraining order

in effect, TanAmerica shall post a corporate surety bond in the amount of twenty thousand dollars ($ 20,000) as security, which the court deems proper for the payment of such costs and damages as may be suffered by any party which is found to be wrongfully restrained.  Such bond shall be posted by 5 p.m., on October 30, 2006.

    IT IS SO ORDERED in Sacramento, California at 4:00 p.m. on October 27, 2006.

DAVID F. LEVI
United States District Judge