PILLSBURY WINTHROP SHAW PITTMAN LLP
FRANK E. SIEGLITZ (45953)
Frank.sieglitz@pillsburylaw.com
RICHARD H. ZAITLEN (63283)
Richard.zaitlen@pillsburylaw.com
ANDREA L. COURTNEY (218785)
Andrea.courtney@pillsburylaw.com
400 Capitol Mall, Suite 1700
Sacramento, CA 95814-4419
Tel: (916) 329-4700
Fax: (916) 441-3583

COWAN, LIEBOWITZ & LATMAN, P.C.
ARLANA S. COHEN (9034)
asc@cll.com
JOHN J. DRISCOLL (8425)
jjd@cll.com
1133 Avenue of the Americas
New York, New York 10036
Tel: (212) 790-9200
Fax: (212) 575-0671
Attorneys for Plaintiffs
I.SO ITALIA S.P.A. and I.SO ITALIA U.S.A. INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.SO ITALIA S.P.A., and I.SO ITALIA U.S.A. INC.<br><br>Plaintiffs,<br><br>v.<br><br>INDOOR SUN SYSTEMS, and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. 2:06-CV-00887-DFL-DAD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Pursuant to the stipulation and agreement by and between parties, by their undersigned attorneys, that the terms and conditions of this Stipulated Protective Order shall govern the handling of all information in whatever form exchanged by the parties to this action, it is hereby ORDERED as follows:

1.  This Order shall apply to and govern the handling of all documents, answers to interrogatories, responses to requests for admission, deposition testimony, exhibits, affidavits, briefs, and all other information, including all copies, transcripts,

excerpts, compilations, abstracts and summaries thereof (collectively "Protected Material") produced in connection with discovery in the above-captioned action (the "Action") which the disclosing party designates either as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

2. Any party to this action may designate as "CONFIDENTIAL" any Material it produces, discloses, or files during or in the course of discovery or other proceedings in this Action which that party in good faith believes contains trade secrets, proprietary information or sensitive commercial, financial, business or personal information that is not publicly known, or cannot be compiled from public sources without substantial effort and or expense, or that the party would not normally reveal to third parties, or would require third parties to maintain in confidence and may designate as "ATTORNEY'S EYES ONLY" any such material that it deems extraordinarily sensitive, including but not limited to documents relating to current and future business plans and the way that party does business. The Protected Material so designated shall also render as CONFIDENTIAL or ATTORNEY'S EYES ONLY any such copies, excerpts, summaries or other disclosure of the substance or contents of such material.

In the event the producing party elects to produce original documents or other Protected Material for inspection, no markings need to be made by the producing party in advance of the inspection, during which all such documents or other Protected Materials shall be considered as marked ATTORNEY'S EYES ONLY. After selection by the receiving party of specified documents or Protected Material for copying, the producing party shall make the appropriate designation at the time of production of the copies.

3. CONFIDENTIAL or ATTORNEY'S EYES ONLY Protected Material shall be used by the recipient thereof only for purposes of this Action (including appeals) and not for any business or other purpose whatsoever, and shall not be disclosed, made available or communicated in any way to any persons or entities other than those provided in paragraphs 4 and 5 below ("Authorized Persons"). Nothing herein imposes

on the party producing CONFIDENTIAL or ATTORNEY'S EYES ONLY Protected Material any obligation to maintain the confidentiality of such materials.

4. CONFIDENTIAL material may, for purposes of this Action, be disclosed only to the following:

   a) The parties and their directors, officers, and employees reasonably required to view the CONFIDENTIAL material to assist in this action.

   b) Any attorneys working on this Action on behalf of any party, including counsel not of record and in-house counsel of such company, and any legal assistants and stenographic and clerical employees of such counsel assisting them with this Action;

   c) Outside consulting and trial experts retained by counsel, provided that such persons sign in advance a confidentiality undertaking in the form attached hereto as Exhibit A and provided that the person is not employed by a party, not a competitor of the producing party, and not an employee or consultant of a competitor of the producing party. Copies of all such undertakings signed pursuant to any provision of this Order shall be maintained by counsel for each party. Nothing herein shall require disclosure of such acknowledgments or of the name of the expert to the party producing the CONFIDENTIAL Protected Material unless such expert is used for purposes of trial.

   d) Third-party deposition or trial witnesses, during the course of, or to the extent necessary, in preparation for depositions or testimony in this Action, provided that (i) the party proposing to disclose Confidential Protected Materials to such persons shall give notice of that fact to the other party and shall identify the CONFIDENTIAL Protected Material it seeks to use and that the producing party shall have five (5) business days to object to the disclosure via telecopy or overnight Federal Express; (ii) prior to disclosure, such persons sign a confidentiality undertaking in the form attached hereto as Exhibit A. If an objection is made, the CONFIDENTIAL Protected Material shall not be disclosed to such persons until such time as the Court shall have ruled on the objection. The requirements and procedures outlined in subsection (i) above shall not apply to a

1  party's disclosure of a confidential document to a third-party deposition or trial witness

2  whose name appears on CONFIDENTIAL Protected Material as an addressee or

3  recipient of the document or is otherwise employed by the producing party;

4        e)  Court reporters employed in connection with this Action; and

5        f)  The Court and its personnel.

6     5.  Information designated as ATTORNEY'S EYES ONLY Protected

7  Material may be disclosed only to the following persons:

8        a)  Outside counsel of record, in-house counsel, and their staff

9  assisting them in this action, including paralegal and docketing assistants, stenographic

10  and clerical employees;

11        b)  Any person indicated or identified as the author, contributor or

12  recipient of a specific ATTORNEY'S EYES ONLY document;

13        c)  Outside consulting and trial experts retained by counsel of record,

14  provided that prior to disclosure, such persons sign a confidentiality undertaking in the

15  form attached hereto as Exhibit "A" and provided that the person is not employed by a

16  party, not a competitor of the producing party, and not an employee of a competitor of the

17  producing party. ATTORNEY'S EYES ONLY Protected Material will not be disclosed

18  to any such expert or consultant for a period of ten (10) days after service by facsimile,

19  Federal Express or other next day mail of the signed undertaking upon opposing counsel

20  in order to provide opposing counsel a reasonable opportunity to object to the disclosure

21  of such material. Proposing counsel shall also provide opposing counsel of record copies

22  of all declarations executed pursuant to this paragraph promptly after execution.

23        d)  Court reporters employed in connection with this Action; and

24        e)  The Court and its personnel.

25     6.  The parties shall designate CONFIDENTIAL or ATTORNEY'S EYES

26  ONLY Protected Material as follows:

27

28

       a) In the case of documents, interrogatory responses, and responses to requests for admission, designations shall be made by placing an appropriate legend or designation on each page of any such document prior to production.

       b) In the case of depositions, designation of any portions of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within fifteen (15) business days, via telecopy or overnight Federal Express, after the designating party receives a copy of the transcript. During the period of time between the taking of the deposition and the end of the fifteen business day period referred to above, all transcripts, exhibits and the information contained therein shall be deemed to be ATTORNEY'S EYES ONLY in their entirety under the terms of this Order. If no designation is made within the fifteen business days, the entire transcript, and all exhibits will be considered non-confidential to the extent not previously designated. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential, CONFIDENTIAL, and ATTORNEY'S EYES ONLY material, and the reporter shall place an appropriate legend on the cover of each portion of the transcript. If the designation is made during the fifteen business days period referred to above, the non-confidential portions of such depositions shall be segregated from the other portions of the transcripts and an appropriate legend shall be placed on the cover of each portion of the transcript.

7. a) No party shall seek to file CONFIDENTIAL or ATTORNEY'S EYES ONLY Protected Material or any documents containing such Material in the public record. All Material so designated in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Protected Material, shall be filed with a motion to seal until further Order of the Court. Where possible only CONFIDENTIAL or ATTORNEY'S EYES ONLY portions of filings with the Court shall be filed under seal.

    b)  Protected Material shall be stored under the direct control of outside counsel for a party, who shall be responsible for preventing any disclosure thereof except in accordance with the terms of this Stipulation.

  8.  In the proposed pretrial conference order, the parties shall propose procedures reasonably necessary to maintain the CONFIDENTIAL or ATTORNEY'S EYES ONLY status of any Protected Material to be used at trial.

  9.  Any designation of Protected Material which is inadvertently omitted during document production may be corrected by written notification to opposing counsel, and such documents shall thereafter be treated as Protected Materials in accordance with this Stipulated Order.  A party may designate material as CONFIDENTIAL or ATTORNEY'S EYES ONLY subsequent to production.  Said designation after the initial production of material (other in a case of depositions), shall have no *ex post facto* effect and the parties who received material not designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY shall have no liability for or with respect to any predesignation dissemination of the Protected Material.

  10.  The restrictions set forth in this Order shall not apply to information acquired on a non-confidential basis by the receiving party from a third party having the right to publicly disclose such information or material, or which becomes publicly known after the date of its transmission to the receiving party, provided that such information does not become known by any act or omissions of the receiving party, its employees or agents, which would be in violation of this Order.  Any information or document not designated as protected by this Order may be treated as unprotected until the receiving party is specifically advised otherwise in writing.

  11.  A party which designates information as Protected Material shall have a reasonable basis for believing, in good faith, that the information requested is confidential, proprietary or commercial information upon which restrictions to access should be imposed before that party designates the information as Protected Material.  In the event that a party objects to the designation of Protected Material, such party shall

1  notify the designating producing party of this belief in writing via telecopy or overnight
2  Federal Express addressed to counsel for the producing party.  The designating producing
3  party, within seven (7) business days of delivery of the notification referred to above,
4  shall advise, via telecopy or overnight Federal Express, whether it will consent to remove
5  the objected to designation.  If the designating producing party does not consent to
6  remove the designation within the seven-business-day period, a challenging party may, at
7  any time prior to trial, move the Court for an Order determining that the Protected
8  Material is wrongly designated, with the party asserting the claim of confidentiality
9  having the burden of proof.  All Protected Material designated CONFIDENTIAL or
10 ATTORNEY'S EYES ONLY shall be treated in accordance with the designation unless
11 and until the Court orders otherwise, or the producing party consents.
12     12.    A party who receives a subpoena or other request for production or
13 disclosure of CONFIDENTIAL or ATTORNEY'S EYES ONLY Protected Material from
14 any third party shall not disclose any Protected Material in response thereto without first
15 providing written notice to the designating party.  The designating party shall have fifteen
16 ten (15) business days to take such action as it deems appropriate to protect the
17 confidential status of the Protected Material, including filing any necessary motions.  If
18 the designating party files a motion for a protective order, the receiving party shall make
19 no disclosure while the motion is pending.
20     13.    Within sixty (60) days after the termination of this Action, including any
21 appeals, counsel shall (i) destroy all Protected Material designated by opposing counsel
22 as CONFIDENTIAL and ATTORNEY'S EYES ONLY, all copies thereof and all
23 documents that contain such information and shall provide written certification of such
24 destruction to the producing party, or (ii) return all such Protected Material to counsel for
25 the producing party.
26     14.    The inadvertent production of any Protected Material during discovery in
27 this Action shall be without prejudice to any claim that such material is privileged or
28 protected from discovery as work product within the meaning of Rule 26 of the Federal

1  Rules of Civil Procedure and no party shall be held to have waived any rights by such
2  inadvertent production.  Any Protected Material so produced and subject to a claim of
3  privilege or a claim of work product subsequently made shall immediately be returned to
4  the producing party and/or expunged and in either event such material shall not be
5  introduced into evidence in this proceeding or any other proceeding by any person
6  without the consent of the producing party or by Order of the Court.
7       15.    Nothing herein shall be with prejudice to or preclude any of the parties
8  from making application to the Court at any time for an Order modifying any of the terms
9  hereof or contesting the confidential designation of any material, nor shall anything
10 herein be with prejudice or preclude (a) the Court from granting such an application; or
11 (b) any party from seeking at any time additional protective orders pursuant to the
12 Federal Rules of Civil Procedure.
13      16.    The production of materials designated as CONFIDENTIAL or
14 ATTORNEY'S EYES ONLY pursuant to this Order shall in no way constitute (a) a
15 waiver of any right to object to the production or use of the same materials on other
16 grounds; or (b) a general or limited waiver of the attorney-client, joint defense, work
17 product or other privilege or legal protection; or (c) a waiver of any right to object to the
18 production or use of other materials in this litigation or in any other litigation.  By signing
19 this Order, a party is not deemed to waive any objection to the production of any
20 material.  In addition, the election by any party to disclose any portion of its confidential
21 material to others shall itself not be deemed a waiver of any of the rights established by
22 this Order.
23      17.    This Order has no effect upon, and shall not apply to, a party's use of its
24 own Protected Materials for any purpose.
25      18.    Any non-party to this Action who shall make discovery or provide
26 deposition or other testimony in this Action pursuant to subpoena or by agreement shall
27 be entitled to avail itself of the provisions and protection of this Order.
28

19. Upon execution hereof, the parties agree to be bound to the terms herein, and even before this Order is approved by the Court, it shall be effective as if approved.

20. This Stipulated Protective Order shall remain in full force and effect after the termination of this litigation, or until cancelled or otherwise modified by Order of this Court.

                    COWAN, LIEBOWITZ & LATMAN, P.C.

By:   /s/  John J. Driscoll
John J. Driscoll
Arlana S. Cohen
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036
Telephone: (212) 790-9200
Facsimile: (212) 575-0671

Attorneys for Plaintiff,

I.so Italia S.P.A.


PILLSBURY WINTHROP SHAW PITTMAN LLP
FRANK E. SIEGLITZ (45953)
Frank.sieglitz@pillsburylaw.com
RICHARD H. ZAITLEN (63283)
Richard.zaitlen@pillsburylaw.com
ANDREA L. COURTNEY (218785)
Andrea.courtney@pillsburylaw.com
400 Capitol Mall, Suite 1700
Sacramento, CA 95814-4419
Tel: (916) 329-4700
Fax: (916) 441-3583

1  WEINTRAUB GENSHLEA CHEDIAK

2  Law Corporation

3  By:   /s/  W. Scott Cameron

4  Dale C. Campbell (99173)
5  W. Scott Cameron      (229828)
   400 Capital Mall, Suite 1100
6  Sacramento, CA 95814
   Telephone: (916) 558-6014
7  Facsimile: (916) 446-1611

8  Attorneys for Defendant,
9  Indoor Sun Systems, Inc.

13          So Ordered:  January 8, 2007

15          /s/ David F. Levi
            Hon. David F. Levi
16          United States District Court Judge

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

1. My name is _____.

2. I work at _____, and my title is _____.

3. I have been retained by _____ as an expert witness/consultant for the purpose of this proceeding (if applicable).

4. I have read the terms of the Stipulated Protective Order in I.so Italia S.P.A. v. Indoor Sun Systems, Inc., *et al.,* Case No. 2:06-CV-00887-DFL-DAD) pending in the United States District Court for the Eastern District of California (the "Stipulation"), and agree to be bound by its terms with respect to any documents, material or information designated as "Confidential" and/or "Attorneys Only Confidential" (collectively, "Confidential Material") that are furnished to me as set forth in the Stipulation.

5. I hereby agree that any documents, materials, or information designated as Confidential Material and furnished to me will be used by me only for the purposes permitted by the Stipulation and for no other purpose, including any business, commercial, professional, educational, personal or any other purpose whatsoever, and will not be imparted or disclosed by me to any other person except to the extent permitted under the Stipulation.

6. I further agree to return any and all documents, materials or information designated as Confidential Material together with all copies I may have made thereof (including any notes, memos or the like I may have made which contain or reflect any such Confidential Material) to the attorney(s) that furnished me with any such documents, materials or information (a) at the conclusion of the Action (as defined in the Stipulation), or (b) at the conclusion of my engagement in connection with the Action, or (c) at the request of the attorney(s) who furnished me with such "Confidential" documents, materials or information.

7. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of California with regard to any proceedings to enforce the terms of the Stipulation.

```
_____
Name:
Date:
```